UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANATA J. KLIEMCHEN,

        Plaintiff,                        Case No. 4:05-CV-73

v.                                         HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on January 8, 2007. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that there were a number of jobs in the national economy that Plaintiff could perform and that Plaintiff was not under a "disability" as defined by the Social Security Act was supported by substantial evidence. In particular, the magistrate judge concluded that the Court should apply Sixth Circuit law, Plaintiff was not denied her right to counsel at the hearing, the ALJ properly evaluated Plaintiff's mental and physical condition, and the ALJ was not required to question the vocational expert (VE) about possible discrepancies between the VE's testimony and the Dictionary of Occupational Titles.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff first objects to the magistrate judge's application of Sixth Circuit precedent to this matter. Plaintiff argues that because the administrative hearing was held in Gary, Indiana, the Court must apply the law of the Seventh Circuit. The cases cited by Plaintiff tend to support the magistrate

judge's finding that the law of the Sixth Circuit applies because this is a federal question, Plaintiff is now a resident of Michigan, and Plaintiff properly filed her complaint in this district.. *See Smith v. Shalala*, No. 92-6383, 1993 WL 335806 at *1 (10th Cir. Aug. 27, 1993); *Towerson v. Apfel*, 16 F.Supp.2d 1329 (D. Kan. 1998). Therefore, the Court will consider Plaintiff's claims and objections under the law of the Sixth Circuit.

Plaintiff claims that the magistrate judge erred in finding that Plaintiff's waiver of counsel was valid. Plaintiff argues that she could not have knowingly waived her right to counsel due to mental impairments resulting in confusion and a lack of understanding of the proceedings. *See Morgan v. Sec. of Health and Human Servs.*, No. 83-CV-4876-DR, 1984 WL 62890 (E.D. Mich. Sep. 28, 1984). As discussed by the magistrate judge, the administrative record shows that Plaintiff voluntarily and knowingly waived her right to counsel. The magistrate judge noted that the record indicated that Plaintiff understood the waiver. The record here is dissimilar to the record in the case Plaintiff cites in support of her claim, in which the hearing transcript was "replete with instances which reveal a pattern of confusion, failure to respond and great difficulty answering questions." *Id*. at *4. The magistrate judge properly concluded that Plaintiff's waiver of counsel was valid.

Plaintiff objects regarding the ALJ's mental RFC, particularly the ALJ's conclusion that Plaintiff's alcohol abuse was material to her mental disorder. The magistrate judge and the ALJ pointed to Dr. Ramirez's observations that Plaintiff's depression lifted once she was placed in a hospital, where she was isolated from alcohol, and the doctor's finding that alcohol was a "significant contributor" to her mental problems. Dr. Fudim also mentioned the effect of alcohol on Plaintiff's mental condition. Plaintiff argues that Dr. Fudim diagnosed her with a recurrent depressive disorder and as suffering from alcohol abuse, and that the two are separate and distinct. However, the magistrate judge properly concluded that these medical opinions are not inconsistent

with the ALJ's findings. As discussed by the magistrate judge, the ALJ properly evaluated Plaintiff's mental impairments independent of the alcohol abuse in determining that the alcohol abuse was a contributing factor material to a finding of disability.

Plaintiff also argues that the ALJ's hypothetical regarding Plaintiff's mental condition failed to include reference to her poor decision making and self-destructive behavior. However, Plaintiff has not shown that the ALJ's hypothetical did not adequately address Plaintiff's mental condition. "An ALJ is not required to mirror a medical report to a vocational expert in order to accurately state a claimant's relevant impairments." *Miracle v. Comm'r of Soc. Sec. Admin.*, No. 01-6437, 2002 WL 1832642, at **3 (6th Cir. Aug. 8, 2002) (citing *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988)).

Plaintiff next claims that the magistrate judge erred in finding that substantial evidence supported the ALJ's step five determination when the ALJ failed to question the vocational expert about possible discrepancies between the VE's testimony and the Dictionary of Occupational Titles. Plaintiff cites SSR 00-4p in support of her argument that an ALJ must ask a VE about discrepancies before relying on the VE's evidence.

The magistrate judge cited *Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003), in which the Sixth Circuit stated that "the ALJ and consulting vocational experts are not bound by the Dictionary [of Occupational Titles] in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's definitions." Plaintiff, relying on Seventh Circuit precedent, argues that SSR 00-4p does "require[] an ALJ who takes testimony from a vocational expert about the requirements of a particular job to determine whether that testimony is consistent with the Dictionary of Occupational Titles." *Prochaska v. Barnhart*, 454 F.3d 731, 735 (7th Cir. 2006). However, based on the similarities between the jobs proposed by the VE and the job descriptions of machine operators and assembler jobs in the Dictionary of Occupational Titles,

3

the Court believes that, at most, the ALJ's failure to comply with SSR 00-4p and inquire as to possible discrepancies between the VE's evidence and the definitions in the Dictionary of Occupational Titles would constitute harmless error. As the Sixth Circuit has stated, remand is not mandated when it "would be an idle and useless formality." *Kobetic v. Comm'r of Soc. Sec.*, No. 03-2136, 2004 WL 2491074, at *2 (6th Cir. Nov. 4, 2004).

Plaintiff objects to the magistrate judge's determination that the ALJ made a proper physical RFC finding. Plaintiff argues that the RFC excluded some of her limitations and that the magistrate judge "selectively" cited medical evidence of record and erroneously relied on the fact that Plaintiff's treating physicians placed no limitations on Plaintiff. An "ALJ need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 548 (6th Cir. 2002) (citation omitted). The Court agrees with the magistrate judge that the administrative record supports the ALJ's physical RFC determination. The magistrate judge pointed to sections of the record that supported the ALJ's determination and concluded that the ALJ's physical RFC findings were proper. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 8, 2007 (docket no. 30), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.


Dated: May 29, 2007                                         /s/ Gordon J. Quist
                                                      GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE